UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RANDOLPH CHASE,

                Petitioner,

  -against-

SUPERINTENDENT TITUS,

                Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-5133 (PKC)

PAMELA K. CHEN, United States District Judge:

      Petitioner Randolph Chase, currently incarcerated at the Orleans Correctional Facility and proceeding pro se, petitioned for writ of habeas corpus under 28 U.S.C. § 2241(c)(3).

      Petitioner filed a prior habeas corpus petition pursuant to 28 U.S.C. § 2254(c)(3). *See Chase v. Wolcott*, No. 20-CV-6112 (PKC). The earlier petition was dismissed as time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 by Order dated May 20, 2021. *See Chase v. Wolcott*, No. 20-CV-6112 (PKC), 2021 WL 2012404, at *2–4 (E.D.N.Y. May 20, 2021). On the same day, as reflected on the Court's CM/ECF docketing system, a copy of the Memorandum & Order and copies of all unpublished cases cited in the Memorandum & Order were mailed to Petitioner. On May 21, 2021, the Clerk of Court entered judgment and closed the case. (*See Wolcott*, No. 20-CV-6112, Clerk's Judgment, Dkt. 9.) A copy of the Judgment, along with information on appealing the Judgment, was mailed to Petitioner.

      Subsequently in *Chase v. Wolcott*, Petitioner filed a "Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241(c)(3)" on June 15, 2021 and a letter motion seeking relief under Federal Rule of Civil Procedure 60(b)(4) on June 21, 2021. (*See Wolcott*, No. 20-CV-6112, First § 2241 Petition, Dkt. 11; *Wolcott*, No. 20-CV-6112, Rule 60(b) Motion, Dkt. 10.) By Order dated

1

October 7, 2021, the Court denied Petitioner's Rule 60(b) motion for relief from judgment and construed Petitioner's habeas petition, which nominally was brought pursuant to 28 U.S.C. § 2241, as a second or successive § 2254 petition, and transferred the petition to the United States Court of Appeals for the Second Circuit. *See Chase v. Wolcott*, No. 20-CV-6112 (PKC), 2021 WL 4690835, at *3 (E.D.N.Y. Oct. 7, 2021).

On October 4, 2021, Petitioner filed the instant action—his second petition pursuant to 28 U.S.C. § 2241. (*See* Second § 2241 Petition, Dkt. 1.) Although the petition is difficult to decipher, it appears to raise some of the same arguments raised in Petitioner's Rule 60(b) Motion, mainly that the Judgment is void because, with respect to the May 20, 2021, Memorandum & Order, "the clerk did not properly file or serve the Order." (*Id*. at ECF[1] 2.) Petitioner further argues that his rights under the Suspension Clause were violated because the Court did not issue a standing order pursuant to Rule 4 and instead summarily dismissed the action. (*Id*. at ECF 4.)

For the reasons stated below, the Court *sua sponte* dismisses Petitioner's current § 2241(c)(3) petition. The Order to Show Cause dated October 12, 2021 (Dkt. 4), directing Respondent to show cause why the writ of habeas corpus shall not issue, is hereby vacated.

## DISCUSSION

Although Petitioner brings this action under 28 U.S.C. § 2241, the Court construes the Petitioner's action as yet another § 2254 challenge. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) ("The fact that [petitioner] invoked section 2241 did not, however, require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

district court must treat it as a section 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). Petitioner's asserted claims in the instant action challenge neither the imposition nor execution of his sentence. Instead, Petitioner appears to be attempting to seek reconsideration of the Court's October 7, 2021, Memorandum & Order in *Chase v. Wolcott* denying relief on Petitioner's Rule 60(b) motion. A habeas petition is not the proper vehicle for reconsideration of the Court's prior ruling on Petitioner's Rule 60(b) motion. Accordingly, Petitioner's claims present no proper basis for a § 2254 action.

To the extent Petitioner seeks to challenge his underlying state court conviction, Petitioner's initial § 2254 action was dismissed as time-barred and his prior § 2241 petition was construed as a § 2254 petition, deemed a second or successive petition, and transferred to the United States Court of Appeals for the Second Circuit for a determination of whether the petition may be filed. *Wolcott*, 2021 WL 4690835, at *3. Petitioner may not try and circumvent the rule prohibiting successive petitions by filing a second § 2241 petition.

## CONCLUSION

Petitioner's 28 U.S.C. § 2241(c)(3) action is dismissed and the Order to Show Cause dated October 12, 2021 (Dkt. 4), directing Respondent to show cause why the writ of habeas corpus shall not issue, is hereby vacated. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

Although Petitioner paid the filing fee to commence this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 3, 2021
      Brooklyn, New York